**JIAN QIU LIU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

**No. 06–1014–ag.**

United States Court of Appeals, Second Circuit.

Nov. 6, 2006.

Martin W. Chow, New York, New York, for Petitioner.

David E. Nahmias, United States Attorney; Alonzo H. Long, Assistant United States Attorney, Atlanta, Georgia, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Jian Qiu Liu, a native and citizen of the People's Republic of China, seeks review of a February 9, 2006 order of the BIA affirming the October 7, 2004 decision of Immigration Judge ("IJ") Sarah Burr denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Jian Qiu Liu*, No. A 79 400 570 (B.I.A. Feb. 9, 2006), *aff'g* No. A 79 400 570 (Immig. Ct. N.Y. City Oct. 7, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158–59 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003).

■ Here, the record supports the IJ's finding that Liu failed to establish a nexus between the activities of the government officials and any of the statutorily protected grounds for asylum or withholding of removal. *See* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 208.16(b). In addition, Liu's argument that his mother's refusal to repay her loan and his flight from arrest constituted expressions of political opinion in opposition to the corrupt government officials' practice of extorting money for a loan before it became due is unavailing. Liu failed to demonstrate that his and his mother's actions were "directed toward a governing institution," rather than "only against individuals whose corruption was aberrational." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 548 (2d Cir.2005) (internal quotation marks omitted); *see also id.* at 547–48 ("[o]pposition to endemic corruption or extortion ... may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime."). Although Liu identified the Chinese government as a "totalitarian" regime in his written application, he failed to present testimony or any other evidence that his family actually expressed a political opinion against the Chinese government. Instead, Liu indicated in his Form I–589 and at the hearing that his family did not repay the loan simply because they did not have the money to do so. Thus, their refusal to repay the loan appeared to be a "purely self-interested attempt" to shield the family's financial situation "from greedy bureaucrats," and not a "challenge to the legitimacy of the municipal government." *Id.* at 547.

Liu's argument that the IJ failed to address the altercation to which he testified as a motive for the bank officials' threats to arrest the family and confiscate the house is also unavailing. The record clearly reflects that Liu failed to provide any details to indicate that the officials' subsequent actions constituted retaliation against any political opinion expressed by Liu's mother. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir.2005); *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 151 (2d Cir.2003) (emphasizing that vagueness of testimony may be an independent basis for denying a claim irrespective of credibility where the testimony does not identify facts corresponding to each of the elements on which the applicant has the burden of proof). Moreover, the IJ need

not engage in "robotic incantations to make clear that he has considered and rejected a petitioner's proffered explanation." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 160 n. 13 (2d Cir.2006). Due to the lack of nexus between the harm Liu's family suffered and a protected ground, the IJ properly denied Liu's application for asylum and withholding of removal.

█ Lastly, substantial evidence supports the IJ's finding that Liu did not establish that it would be more likely than not that he would be tortured upon his return to China "for any reason, and particularly not because of the fact that he left his country without permission from the government of China." *In re Jian Qiu Liu*, No. A 79 500 570 (Immig. Ct. N.Y. City Oct. 7, 2004). Despite the IJ's lack of reference to specific portions of the Country Reports, a review of this background material indicates that Liu has not established that it is more likely than not that he would be tortured if returned to China. The IJ therefore reasonably denied Liu's request for relief under the CAT.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, petitioner's pending motion for a stay of removal is DENIED as moot.